IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BLACKHAWK SCHOOL DISTRICT, a local government entity, | CIVIL ACTION |
| Plaintiff, | No. 2:23-cv-00500-CB |
| v. | Hon. Cathy Bissoon |
| NORFOLK SOUTHERN CORPORATION and NORFOLK SOUTHERN RAILWAY COMPANY, | **Jury Trial Demanded** |
| Defendants. | |

**BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE**

Plaintiff, by and through its undersigned counsel, files the within Brief in Opposition to Defendants' Motion to Transfer Venue, stating in support thereof as follows:

### I.   Introduction.

Plaintiff, Blackhawk School District is a Pennsylvania School District organized and existing pursuant to Pennsylvania's Public School Code of 1949, 24 P.S. § 1-101, *et seq, et al.* Plaintiff's claims in the present matter concern the February 3, 2023 derailment of Norfolk Southern Railway freight train 32 N in East Palestine, Ohio. Specifically, Plaintiff's claims concern the release of toxic, hazardous, and dangerous chemicals onto and into the ground, into the air, and into the surface and subsurface waterways and groundwater in the Plaintiff's school district, which school district encompasses a sixty-nine (69) square mile area in Beaver and Lawrence Counties in Pennsylvania. Plaintiff's claims are unlike the claims currently pending in the Northern District of Ohio as Plaintiff's claims concern damage to the Plaintiff's buildings, facilities, and students, all of which are located in the Commonwealth of Pennsylvania. An

1

examination of the cases currently pending in the Northern District of Ohio reveals that not only are there no cases pending therein involving a public school district of the Commonwealth of Pennsylvania, where key witnesses and evidence are located in the Commonwealth of Pennsylvania, but there are no public school district plaintiffs experiencing the widespread damage over an extensive geographic area such as the damage experienced by Plaintiff here.

As set forth herein, neither the Third Circuit's first-filed rule, nor the provisions of 28 U.S.C. § 1404(a) compel the transfer of this case to the Northern District of Ohio as there is no similarity of parties as required by the first-filed rule, and the balancing of the factors for transfer of venue under Section 1404 resolve in favor of maintaining this matter in the Western District of Pennsylvania.

## II.        Relevant Factual Background.

Plaintiff filed its Complaint on March 23, 2023 against Defendants raising claims of negligence; negligence per se; strict liability, in the alternative to Plaintiff's claims for negligence; private nuisance; public nuisance; future health monitoring; and trespass, in connection with the derailment of Norfolk Southern Railway Freight Train 32N in East Palestine, Ohio, which derailment occurred on February 3, 2023.

Plaintiff's claims relate to the release of toxic and hazardous chemicals into the ground, water, and air within the geographical area of the school district in the Commonwealth of Pennsylvania, and the exposure of Plaintiff's students, buildings, and community to such toxic and hazardous chemicals.

Several cases related to the derailment of Norfolk Southern Railway Freight Train 32N in East Palestine, Ohio were filed in the Northern District of Ohio by individuals and businesses, however, as of the filing of the within Brief in Opposition, Plaintiff is unaware of any claims being

brought by school districts or entities in the Northern District of Ohio, let alone school districts or entities situated in the Commonwealth of Pennsylvania, relating to the derailment of Norfolk Southern Railway Freight Train 32N.

**III.       Argument.**

      **A.     The Third Circuit's First-File Rule Does Not Apply to the Present Matter, and Does Not Compel the Transfer of This Case to the Northern District of Ohio.**

The Third Circuit has adopted the "first-filed" rule, which rules requires that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). The "first-filed" rule, "encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings ***involving the same parties*** and the same issues already before another district court." *EEOC*, 850 F.2d at 971-72; *citing Triangle Conduit & Cable Co. v. National Elec. Products Corp.*, 125 F.2d 1008, 1009 (3d Cir. 1942) (emphasis added).

While some district courts have recognized that the "first-file" rule applies where the parties and the issues do not perfectly align, "the Third Circuit Court of Appeals has interpreted the 'first-filed' rule narrowly, holding that it only applies to 'truly duplicative' proceedings." *U.S. v. Yuill*, 2007 WL 3274156, *3 (W.D. Pa. 2007); *citing Kedia v. Jamal*, 2007 WL 1239202, *3 (D. N.J. 2007); *see also Compl. of Bankers Trust Co. v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980) ("[i]t is important to note, however, that only truly duplicative proceedings be avoided. When the claims, parties or requested relief differ, deference may not be appropriate").

It is undisputed that the present matter is not truly duplicative of the proceedings currently filed in the Northern District of Ohio. Plaintiff, Blackhawk School District has not filed any claims

3

in the Northern District of Ohio relating to the Norfolk Southern train derailment. Moreover, no similar party has filed any claims in the Northern District of Ohio relating to the Norfolk Southern train derailment.

Instead, Defendants cite to and rely upon numerous non-binding decisions from district courts throughout the Third Circuit Court of Appeals for the proposition that the "first-filed" rule does not require truly duplicative proceedings. However, Chief Judge Hornak of the Western District of Pennsylvania has recognized the Third Circuit's decision in *Compl. of Bankers Trust Co. v. Chatterjee* and its application to the "first-filed" rule in the 2019 case of *Blank River Services, Inc. v. Towline River Service, Inc.*, 395 F.Supp.3d 589, 597 (W.D. Pa. 2019) ("The *Viola* court relied on *Complaint of Bankers Trust Company v. Chatterjee*, 636 F.2d 37, 40 (3d Cir. 1980), for its observation that federal and state litigations are not parallel 'when the claims, parties or requested relief differs.' However, *Chatterjee* concerned the 'first to file' rule as between two actions filed in two federal courts, not as between an action in state court and an action in federal court.") While Plaintiff recognizes that this Court's decision in *Blank River Services, Inc.* does not involve the "first-filed" rule, such case is cited to demonstrate that the Western District has recognized *Chatterjee*'s binding decision regarding the issue of truly duplicative claims as it relates to the "first-filed" rule as recently as 2019.

It is clear that the Third Circuit's "first-filed" rule does not apply in the present matter as the cases identified by Defendants in the Northern District of Ohio are not truly duplicative of Plaintiff's case here. The cases cited by Defendants in the Northern District of Ohio involve private individuals and/or businesses affected by the Norfolk Southern train derailment. *See* Member Cases of *In re: East Palestine Train Derailment*, 4:23-cv-00242-BYP (N.D. Oh.). Further, the differences between Blackhawk School District and the Plaintiffs in the Northern District of Ohio

4

extend further than a mere technical difference. As a public school district in the Commonwealth of Pennsylvania, Blackhawk School District's claims concern damage to a significant geographical area (approximately 69 square miles) to buildings, facilities, and its students located in two counties in Pennsylvania. As such, the Third Circuit's "first-filed" rule does not apply to the present matter and does not compel the transfer of this case to the Northern District of Ohio.

> **B.     28 U.S.C. § 1404, and the Third Circuit's Test Articulated in *Jumara v. State Farm Ins. Co.*, Do Not Compel Transfer of this Matter to the Northern District of Ohio, and Further Indicates that the Western District of Pennsylvania is the Proper Forum for this Matter.**

Neither the Third Circuit's "first-filed" rule, nor the application of 28 U.S.C. § 1404, require the transfer of this matter to the Northern District of Ohio.

As set forth by the Third Circuit Court of Appeals in construing the application of Section 1404, "[t]he burden of establishing the need for transfer still rests with the movant." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *citing Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970). Further, "in ruling on [a] defendants' motion the plaintiff's choice of venue should not be lightly disturbed." *Id*.

In determining whether to transfer a matter to another district under Section 1404, "[a]s an initial matter, the court must determine whether the action could have been brought in the proposed transferee forum." *Sinclair Cattle Co., Inc. v. Ward*, 80 F.Supp.3d 553 (M.D. Pa. 2015); *citing Jumara*, 55 F.3d at 879. Venue is proper in a case in, "'a judicial district in which any defendant resides,' . . . or in 'a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated.'" *Sinclair Cattle Co., Inc.*, 80 F.Supp.3d. at 563; *citing* 28 U.S.C. § 1391(b). Venue under Section 1391 may be proper in multiple judicial districts if substantial events or omissions relating to the action occurred in multiple judicial districts. *See Superior Precast, Inc. v. Safeco Ins. Co. of*

*America*, 71 F.Supp.2d 438, 444 (E.D. Pa. 1999). Here, the events giving rise to Plaintiff's claims occurred in both Ohio and Pennsylvania. While the Norfolk Southern train derailment occurred in East Palestine, Ohio, which is located in the Northern District of Ohio, the toxic and hazardous chemicals released into the environment through the Defendants' actions traveled to and polluted the Blackhawk School District in the Western District of Pennsylvania. As such, venue would be proper in both the Northern District of Ohio and the Western District of Pennsylvania.

After determining whether the proposed transferee forum is proper, the Court must next weigh the private and public interests to determine whether transfer is appropriate. The Third Circuit Court of Appeals has identified two categories of factors to weigh in determining whether to transfer a case. The private factors are:

> (1) the plaintiff's choice of forum; (2) the defendants' forum preference; (3) where the claims arose; (4) the convenience of the parties as indicated by their physical and financial condition; (5) the convenience of the witnesses (to the extent that they may be unavailable for trial in one of the fora); and (6) the location of books and records.

*Sinclair Cattle Co., Inc.*, 80 F.Supp.3d at 564; *citing Jumara*, 55 F.3d at 879.

The public factors for consideration are:

> (1) the enforceability of the judgment; (2) practical considerations regarding trial; (3) relative administrative difficulty in the two fora due to court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the two fora; and (6) the court's familiarity with the applicable state law in diversity cases.

*Id*. at 565.

As set forth herein, a balance of the factors identified by the Third Circuit Court of Appeals clearly supports the denial of Defendants' Motion to Transfer Venue.

### 1. Analysis of Private Factors.

#### a. Plaintiff's Forum Preference.

As explained by the Third Circuit, "in ruling on [a] defendants' motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara*, 55 F.3d at 879. Here, Plaintiff has clearly evidenced their preference for the Western District of Pennsylvania by choosing to initiate their action in the Western District. This factor conclusively weighs in favor of Plaintiff. *See Advanced Fluid Systems, Inc. v. Huber*, 2014 WL 1808652 (M.D. Pa. 2014) ("a plaintiff's choice of forum is a paramount consideration in any determination of a transfer request and that choice should not be lightly disturbed.").

#### b. Defendants' Forum Preference.

This private factor is similarly easy to resolve as Defendants have made clear that their preferred forum is in the Northern District of Ohio. However, unlike the Plaintiff's choice of forum, the Third Circuit Court of Appeals has not indicated that any substantial deference should be granted to the Defendants' choice of forum. While this factor favors the Defendants, the language of the Third Circuit's opinion in *Jumara* indicates that this factor is not to be given equal weight to the Plaintiff's preferred venue identified above.

#### c. Where the Claims Arose.

While a portion of Plaintiff's claims arose in the Northern District of Ohio at the location of the train derailment in East Palestine, Plaintiff raises claims for public nuisance, private nuisance, and trespass. Plaintiff's claims are premised on the toxic and hazardous chemicals released from the East Palestine train derailment polluting and contaminating the Blackhawk School District, which is located in the Western District of Pennsylvania. While the events releasing the toxic chemicals may have occurred in the Northern District of Ohio, Plaintiff's claims

did not arise until those chemicals physically invaded and polluted the Plaintiff's property in Pennsylvania. This factor weighs in favor of maintaining this case in the Western District of Pennsylvania.

### d. The convenience of the parties as indicated by their physical and financial condition and the convenience of the witnesses.

This factor also weighs in favor of maintaining this case in the Western District of Pennsylvania. The Western District of Pennsylvania is the home forum of Plaintiff, Blackhawk School District. As such, the administrative offices, school buildings, grounds, student populace, and the residents of Blackhawk School District are all located in the Western District. Each of the numerous witnesses that may testify regarding the damages they sustained by the invasion of the toxic chemicals described in Plaintiff's complaint will be residents of the Blackhawk School District, and thus located in the Western District of Pennsylvania. By comparison, as noted by Defendants, neither the Northern District of Ohio nor the Western District of Pennsylvania are the home forums of Defendants.

Further, as a matter of convenience, Defendants are no strangers to the various courts located in the Commonwealth of Pennsylvania. Defendants have filed cases, and participated in litigation, in the Courts of Common Pleas throughout the Commonwealth of Pennsylvania, in the Western District of Pennsylvania, the Eastern District of Pennsylvania, the Middle District of Pennsylvania, and the Commonwealth Court of Pennsylvania. *See e.g., Norfolk S. Railway v. Reading Blue Mountain & N.R. Co.*, 346 F.Supp.2d 720 (M.D. Pa. 2004); *Norfolk S. Railway Co. v. Pub. Util. Comm'n*, No. 2157 C.D. 2010 (Pa. Commw. 2011); *Norfolk S. Railway Co. v. Power Source Supply, Inc.*, 2008 WL 2884102 (W.D. Pa. 2008); *Norfolk S. Railway Co. v. Kennett Int'l Corp.*, 2002 U.S. Dist. LEXIS 24750 (E.D. Pa. 2002). Defendants are intimately familiar with the Pennsylvania Court system while Blackhawk School District has never been involved in any case

in the Northern District of Ohio. As such, this factor weighs in favor of maintaining the case in the Western District of Pennsylvania.

### e. The location of books and records.

Neither the Defendants nor the Plaintiff maintain books and records in the Northern District of Ohio. However, the Plaintiff does maintain books and records at its administrative offices located at 500 Blackhawk Road, Beaver Falls, Pennsylvania 15010. These administrative offices are located in the Western District of Pennsylvania. As such, this factor likewise weighs in favor of maintaining the case in the Western District of Pennsylvania.

### 2. Analysis of Public Factors.

### a. The enforceability of the Judgment.

As there likely would not be any issue enforcing a judgment in either the Northern District of Ohio or the Western District of Pennsylvania, this factor likely weighs neutral and does not conclusively favor either forum.

### b. Practical considerations regarding trial.

As noted herein, Plaintiff's claims differ from the claims already filed in the Northern District of Ohio in one crucial aspect, unlike the Plaintiff's in the Northern District of Ohio, Blackhawk School District is a public school entity encompassing a large geographical area. The damages alleged by Blackhawk School District are widespread across its entire district due to the pervasive infiltration of toxic and harmful chemicals resulting from the train derailment and subsequent burning. Unlike the Plaintiffs in the Northern District of Ohio, Blackhawk School District's claims will not focus on damage to a few individuals or to one small area of land. Rather, Blackhawk School District's claims will require an examination of the damage occurring throughout the district, including the potential testing of each of the buildings and facilities

maintained by the school district and testimony from students, staff, and residents throughout the school district.

Further, while Defendants note that more than thirty (30) cases involving private individuals and businesses are pending in the Northern District of Ohio related to the Norfolk Southern train derailment, it is undisputed that no public school entities have filed suit in the Northern District of Ohio related to the same. By contrast, the Western District of Pennsylvania now has three (3) cases, including the present matter, pending before the Hon. Judge Cathy Bissoon filed by public school districts located in the Commonwealth of Pennsylvania related to the Norfolk Southern train derailment. *See e.g., Western Beaver County School District v. Norfolk Southern Corp., et al.*, 2:23-cv-00587-CB; *Ambridge Area School District v. Norfolk Southern Corp., et al.*, 2:23-cv-00664-CB. Further, there are several other school districts in the Commonwealth of Pennsylvania who are also considering filing claims related to the Norfolk Southern train derailment and the resulting pollution of said districts with toxic chemicals.

As a matter of practicality, the Western District of Pennsylvania, as the judicial district where Plaintiff, its students, staff, and residents reside, as well as the judicial district where all of Plaintiff's buildings are located, is the more convenient forum for the adjudication of Plaintiff's claims. As such, this factor weighs in favor of maintaining this action in the Western District of Pennsylvania.

   *c. Relative administrative difficulty in the two fora due to court congestion.*

As stated by Defendants in their Brief in Support of Motion to Transfer Venue, "the Northern District of Ohio does have more cases pending overall." *See* Defs. Br. at Pg. 15; *see also Combined Civil & Criminal Federal Court Management Statistics* (Dec. 31, 2022). However, this difference in case load appears to be offset by the presence of an additional judge sitting in the

Northern District of Ohio. As such, this factor is neutral and does not favor either the Northern District of Ohio or the Western District of Pennsylvania.

### d. *The local interest in deciding local controversies at home.*

There is a substantial local interest in deciding Plaintiff's claims in their home district. As set forth herein, Plaintiff Blackhawk School District is a local school district held accountable by the residents and citizens comprising its district. The damages alleged in the present matter are damages that have been experienced by anyone present within the school district at the time that the toxic chemicals entered the ground, water, and air. Further, Plaintiff's claims also concern the contamination of the school district's buildings and facilities where Blackhawk School District students regularly attend class. The local public in Blackhawk School District have a substantial interest in having these claims resolved in the school district's home judicial district of the Western District of Pennsylvania.

This local interest is reflected by Pennsylvania Rule of Civil Procedure 2103, Venue. *See* Pa. R.C.P. 2103(b) ("[e]xcept when the Commonwealth is the plaintiff or when otherwise provided by an Act of Assembly, an action against a political subdivision may be brought only in the county in which the political subdivision is located.") While Rule 2103 certainly is not binding upon this Court in a federal claim, Rule 2103 further displays a public school district's interest in having controversies determined at home. *See e.g., Pace Const. Managers, Inc. v. Muncy School Dist.*, 911 A.2d 585, 588-589 (Pa. Commw. 2006) (holding that school district was a political subdivision for purposes of Rule 2103(b).)

Further, Plaintiff has recently learned that the Pennsylvania Department of Environmental Protection has initiated an investigation related to soil pollution in Blackhawk School District and surrounding areas. This inspection is scheduled to take place on April 27, 2023. The involvement

11

of the Commonwealth of Pennsylvania's own administrative agency in investigating the pollution resulting from the Norfolk Southern train derailment serves to underscore the substantial interest the Commonwealth of Pennsylvania and the residents of Blackhawk School District possess in having this issue determined in their home district in Pennsylvania.

As such, this factor weighs heavily in favor of maintaining the case in the Western District of Pennsylvania.

### e. The Public Policies of the two Fora.

While Defendants argue that the interests of Pennsylvania residents are already protected in Ohio by virtue of the fact that a private individual has filed suit in the Northern District of Ohio, such assertion misconstrues the status of Plaintiff Blackhawk School District. Blackhawk School District is not a private individual or a resident. Rather, Blackhawk School District is a public school entity organized and existing pursuant to Pennsylvania's Public School Code of 1949, 24 P.S. § 1-101, *et seq., et al.* As a municipal entity in the Commonwealth of Pennsylvania, Pennsylvania Courts and the Western District of Pennsylvania have a vested public policy interest in adjudicating the issues arising from Plaintiff's claims in the Commonwealth of Pennsylvania. While it is clear that the State of Ohio and the Northern District of Ohio have competing public policy interests as the derailment occurred in East Palestine, Ohio, such policy interest does not supersede the Commonwealth of Pennsylvania's interest in having the pollution of one of its municipal entities/school districts resolved within Pennsylvania. As such, this factor weighs in favor of maintaining the case in the Western District of Pennsylvania.

### f. The court's familiarity with the applicable state law in diversity cases.

Plaintiff recognizes that there is no, "disparity in the qualifications of the federal judges sitting in the two districts to pass on the same law." *See Jumara*, 55 F.3d at 883. Plaintiff does not

dispute that the judges located in the Northern District of Ohio are fully qualified to handle this case. However the inverse is also true. The judges sitting in the Western District of Pennsylvania are also fully qualified to issue a well-reasoned decision on the merits of this matter while construing Pennsylvania law. Plaintiff would suggest that a federal district judge sitting in the Western District of Pennsylvania may have more experience in construing issues of Pennsylvania state law, as raised in Plaintiff's Complaint, but would not denigrate or discredit the experienced judges sitting in the Northern District of Ohio by suggesting that they would not be fully capable of adjudicating this matter. As such, this factor is neutral, and does not favor either the Northern District of Ohio or the Western District of Pennsylvania.

In analyzing the private and public factors articulated in the Third Circuit's decision in *Jumara*, it is clear that such factors weigh heavily in favor of keeping the action in the Western District of Pennsylvania. Defendants have failed to satisfy their burden in showing that this action should be transferred to the Northern District of California and as such, Plaintiff's chosen forum must remain undisturbed. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *citing Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) ("in ruling on [a] defendants' motion the plaintiff's choice of venue should not be lightly disturbed.")

**IV.     Conclusion.**

For the reasons set forth herein, Plaintiff respectfully request that this Honorable Court enter an Order denying Defendants' Motion to Transfer Venue and permit this case to proceed in the Western District of Pennsylvania.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **DILLON McCANDLESS KING COULTER & GRAHAM, L.L.P** |
| Date: April 27, 2023 | By: /s/ Thomas W. King, III<br>Thomas W. King, III<br>Pa. ID. No. 21580<br>tking@dmkcg.com<br>Jordan P. Shuber<br>Pa. ID. No. 317823<br>jshuber@dmkcg.com |
|  | *Attorneys for Plaintiff* |